## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHRIS CHATTERTON,

       Plaintiff,

v.                                             CV 12-0082 JCH/WPL

SUMMIT FOOD SERVICES, LLC, and
A'VIANDS, LLC,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Defendants Summit Food Services, LLC, and A'viands, LLC's Second Amended Motion to Dismiss Complaint (Doc. 18; *see also* Doc. 22 (reply)), in which Defendants argue that Plaintiff Chris Chatterton's amended complaint (Doc. 17) was untimely served and failed to sufficiently state any claims for relief. Chatterton disputes both arguments, asserting that her amended complaint was timely and that she has alleged sufficient facts to support her claims. (Doc. 21.) The Court has referred the instant motion to me to propose factual findings and to recommend an ultimate disposition. (Doc. 27.) Having considered the parties' filings, the pleadings, and the relevant law, and otherwise being fully advised in the matter, I conclude that while Chatterton has failed to state sufficient grounds to support one of her claims, the remainder of her amended complaint comports with the requirements of Federal Rule of Civil Procedure 8. I also conclude that her amended complaint was timely filed and served. Therefore, I recommend that Defendants' motion be granted with respect to Chatterton's common law claim for retaliatory discharge and denied in all other respects.

## FACTUAL BACKGROUND

The following well-pleaded facts are accepted as true for purposes of this motion. Chatterton worked as a food service director for Defendants at several state correctional facilities starting in August 2005. (Doc. 17 at 2.) Until the events in question occurred, Chatterton never received any official reprimands or complaints, her employee reviews had been favorable, and she was considered to be in good standing. (*Id.* at 2-3.) On November 3, 2010, a twenty-pound ham fell from a shelf and fractured Chatterton's right food as she was pulling a box off of a shelf. (*Id.* at 3.) Chatterton immediately filed a workers' compensation claim, and her doctor ordered her not to work until November 10, 2010. (*Id.*) Chatterton was to return to work after that date, though certain physical restrictions were to be imposed through November 25, 2010. (*Id.*)

While Chatterton was still on leave, her district manager issued a written warning to her for alleged personal-conduct infractions occurring on July 23, August 24, and November 5, 2010. (*Id.*) Although the warning was issued on November 9, 2010, Chatterton says that she did not receive it until November 16, 2010, at which time her district manager told her that she would have to change her conduct or face termination. (*Id.*) The district manager issued Chatterton another written reprimand six days later, this time for kitchen sanitation; this notice stated that it was a "final warning" for Chatterton. (*Id.* at 4.) Eleven days later, the district manager issued another "final" written reprimand to Chatterton for both personal conduct and kitchen sanitation. (*Id.*) Defendants terminated Chatterton on December 15, 2010, allegedly for bribing inmates with soft drinks if they would agree not to file grievances. (*Id.*) Chatterton claims that none of the allegations against her were ever proven. (*Id.* at 5.)

## PROCEDURAL BACKGROUND

Chatterton filed the original complaint in this action, in which she broadly set forth the facts recited above, in January 2012. (*See* Doc. 1 at 2-5.) At no point in this pleading did Chatterton state how any of the facts in her complaint supported any claims against Defendants (*see* Doc. 15 at 10); instead, she simply asserted that the facts alleged "constitute[d] unlawful retaliation . . . under the [New Mexico] Workers' Compensation Act" and "unlawful discrimination . . . in violation of Title I of the Americans with Disabilities Act of 1990" (Doc. 1 at 5). Chatterton also did not separately set forth her claims under these or any statutes, and as the Court later recognized, it was unclear whether Chatterton's threadbare citations to these statutes constituted "an exhaustive list of Plaintiff's claims." (Doc. 15 at 10.) In short, Chatterton's complaint did not clearly specify the claims she was bringing or the relationship between such claims and the facts alleged. (*See id.*) To compound matters, Chatterton failed to properly serve Defendants as required under Rule 4. (*See, e.g.*, *id.* at 2-5, 7-8.)

After service was eventually effected on all parties, Defendants moved to dismiss Chatterton's original complaint. (Doc. 7.) The Court granted the motion and dismissed Chatterton's claims without prejudice, premising the dismissal on both (i) Chatterton's failure to either properly serve Defendants or adequately explain why she had failed to do so, and (ii) Chatterton's failure to properly state a claim under Rule 12(b)(6). (*See* Doc. 15 at 7-13.) However, because Defendants had given no reason why Chatterton should be denied leave to amend her complaint, and because the Court was reluctant to punish Chatterton for her attorney's errors, the Court permitted her to amend the complaint "in a timely manner" pursuant to Rule 15(a)(2) and to, "this time, properly effect service under Rule 4(m)." (*Id.* at 12-13.)

When, after thirty-eight days, Chatterton failed to file any amended pleading, Defendants again moved for dismissal. (Doc. 16.)[1] Four days later, Chatterton filed her amended complaint. (Doc. 17.) In this pleading, Chatterton largely sets forth the same facts found in the original complaint, albeit in somewhat greater detail. (*Id.* at 2-5.) In contrast to the original pleading, however, Chatterton goes on to state two specific causes of action: violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and violation of New Mexico's statute prohibiting retaliation against employees seeking workers' compensation benefits, N.M. STAT. ANN. § 52-1-28.2. (*Id.* at 5-7.)

In her Title I claim, Chatterton quotes the relevant ADA statute in alleging that Defendants discriminated against her "on the basis of disability in regard to job . . . advancement, or discharge of employees, . . . and other terms, conditions, and privileges of employment." (*Id.* at 6 (quoting 42 U.S.C. § 12112(a)).) She goes on to say that "Defendants' unlawful employment practices . . . deprive[d] Plaintiff of equal employment opportunities, and . . . otherwise adversely affect[ed] her employment status as an employee because of her work-related injury/disability and her filing of a worker's compensation claim." (*Id.*) With respect to her claim under the state statute, Chatterton says among other things that "Plaintiff sustained an on-the-job work[-]related injury, and as a consequence of her filing such a claim seeking worker's compensation benefits, Defendants acted in violation of [the state statute] by terminating Plaintiff's employment." (*Id.* at 5.) Curiously, Chatterton also asserts an independent common law claim for retaliatory discharge under the same heading as the statutory retaliation claim.

Defendants responded to the amended complaint with the instant motion. (Doc. 18.) Procedurally, Defendants assert that Chatterton failed to obey the Court's instruction that it serve the amended complaint "in a timely manner." (*See id.* at 2.) Substantively, Defendants argue that

---

[1] The Court dismissed that motion as moot after the instant motion was filed. (Doc. 26.)

Chatterton's amended complaint suffers from the same pleading deficiencies that led to the dismissal of her original complaint. (*See id.* at 3-6.) Chatterton responds that her amended complaint was not untimely under the circumstances and that Defendants were not harmed by any delay in filing or service. (*See* Doc. 21 at 1-5.) She also proceeds to summarize at length the facts alleged in the amended complaint (*see id.* at 5-11) in a second "attempt[] to guide the Court through her Complaint to an understanding of her claims" (Doc. 15 at 9). In reply, Defendants repeat their earlier criticism and argue that Chatterton failed to properly allege jurisdiction over her state law claims. (Doc. 22.)

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint in whole or in part for failing to state a claim upon which relief is available. Without weighing the evidence, the court looks within the four corners of the complaint, accepts all well-pleaded factual allegations as true, and determines if the plaintiff is plausibly (not merely possibly) entitled to relief, drawing all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); *Heyward v. Credit Union Times*, 913 F. Supp. 2d 1165, 1184 (D.N.M. 2012) (citations omitted). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

A complaint need not include detailed factual allegations, *Twombly*, 550 U.S. at 555 (citations omitted), or "allege every element of [the] action in specific detail," *Hall v. Bellmon*, 935 F.2d 1106, 1113 (10th Cir. 1991). Still, the "[f]actual allegations must be enough to raise a

right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (citations omitted),[2] and must suffice to "inform the defendants of the actual grounds of the claim against them," *Robbins*, 519 F.3d at 1248. The necessary degree of specificity is dictated by the nature of the complaint. *See Twombly*, 550 U.S. at 556 n.3; *Robbins*, 519 F.3d at 1248 (citations omitted); *see also* Fed. R. Civ. P. 8(a). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

The Court previously dismissed Chatterton's original complaint on both procedural and substantive grounds. (Doc. 15.) Defendants argue that both grounds support dismissal of Chatterton's amended complaint as well. (Doc. 18.) I consider these challenges in turn.

## I.      Timeliness of Filing and Service of Amended Complaint

To begin with, I note that although Defendants expressly challenge only the timeliness of *service* of the amended complaint, Defendants are also apparently taking issue with the timeliness of the *filing* of that document. In the strictest sense, Defendants only refer to a "fail[ure] to timely serve" the amended pleading. (*See* Doc. 18 at 2.) Nonetheless, substantial portions of both Chatterton's response brief (Doc. 21 at 1-4) and Defendants' reply (Doc. 22 at 1-2) are devoted to the argument that the amended complaint was or was not timely filed. Based on the parties' understandings, and in the interests of justice, I will consider the timeliness of both the filing and the service of the amended complaint.

---

[2] Although Chatterton quotes from outdated caselaw to assert that dismissal is only warranted if "no possible construction of the alleged facts" would entitle her to relief (Doc. 21 at 9 (citation omitted)), the Supreme Court famously "retire[d]" the no-set-of-facts standard in *Twombly*, 550 U.S. at 562-63.

A. <u>Filing</u>

With respect to the filing of the amended complaint, I first observe that the Court instructed Chatterton to amend her complaint under Rule 15(a)(2)[3] "in a timely manner." (Doc. 15 at 12-13.) The Court did not provide a specific time frame for such filing to occur. Although Defendants refer to a twenty-one-day time limit for amending pleadings (*see* Doc. 18 at 2), this time limit only applies to amendments under Rule 15(a)(1). Defendants cite to no legal authority for the proposition that this limitation also applies to amendments under Rule 15(a)(2), and I am aware of none.

Defendants argue that the filing of the amended complaint, done six weeks after the Court's Memorandum Opinion and Order (Doc. 15), constitutes "dilatory conduct" that has prejudiced them by "preventing them from preparing not only a defense to the claims, but an answer to the Amended Complaint" (Doc. 22 at 2). Undue delay and prejudice to the opposing party are factors that may persuade a Court to refuse a party leave to file an amended pleading. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Of course, in this instance the Court had already granted Chatterton leave to amend. Still, I believe that the caselaw on these factors provides a useful guidepost for determining whether Chatterton's amended pleading was timely here.

The Tenth Circuit commands courts to "focus[] primarily on the reasons for [any] delay," noting that leave to amend should only be denied when the party seeking to amend "has no adequate explanation for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir.

---

[3] In its Memorandum Opinion and Order, the Court stated that it was allowing Chatterton a chance "to amend her original Complaint *as a matter of course* under Rule 15(a)(2)." (Doc. 15 at 12 (emphasis added).) Amendments as a matter of course are authorized under Rule 15(a)(1), which allows such amendment only within twenty-one days of either service of the original pleading or service of a responsive pleading or certain Rule 12 motions. Given that neither of the conditions listed in Rule 15(a)(1) were present at the time the Court filed its original Memorandum Opinion and Order, and given that the Court specified that the amendment was to be made under Rule 15(a)(2), I will consider the law applicable to amendments under the latter provision.

2006) (citations omitted). Here, plaintiff's counsel avers that she was involved in preparation for a complex trial, a settlement conference, and the Thanksgiving holiday, and she again notes that the Court did not set forth a specific time frame for filing the amended complaint. (Doc. 21 at 3-4.) While these reasons might be considered relatively weak if leave to amend had not already been granted, I nonetheless observe that Chatterton apparently has not sought to make the complaint "a moving target," to suggest new theories of recovery, to present "theories seriatim" to avoid dismissal, or to delay proceedings until the "eve of trial." *See Minter*, 451 F.3d at 1206 (citations omitted). Further, although Chatterton probably did not need six weeks to prepare her amended complaint, this time frame does not strike me as overly excessive in light of the case's procedural posture. Finally, I do not believe Defendants were unduly prejudiced by the delay, considering the lack of pretrial deadlines and trial dates in this case. These factors, along with the Court's earlier grant of leave to amend, convince me that Chatterton should be allowed to proceed with her amended complaint.

B.  Service

I also conclude that Chatterton's service of her amended complaint to Defendants was not untimely. In granting Chatterton leave to amend, the Court directed her to "properly effect service under Rule 4(m)." Even if the Court were to start the clock on the date that the Memorandum Opinion and Order was filed, Chatterton's service of the amended complaint was well within Rule 4(m)'s 120-day time limit. Moreover, though Rule 5(a)(1)(B) requires that any pleadings filed after the original complaint must be served on every party, Local Rule 5.1 provides that "[e]lectronic filing constitutes service for purposes of [Rule] 5." D.N.M.LR-Civ. 5.1(a). Accordingly, Chatterton had properly effected service of her amended complaint on the parties as of December 4, 2012, the day that she electronically filed her amended pleading with

the Court. As such, I recommend that the Court find that Chatterton's amended complaint was timely served and that Defendants' motion to dismiss the pleading pursuant to Rule 41(b) be denied.

## II.    Failure to State a Claim

Defendants next argue that Chatterton's federal and state claims are each deficient under Rule 8, *Twombly*, and Tenth Circuit caselaw. (*See* Doc. 18 at 4.) Chatterton counters that the allegations in her amended complaint raise each right to relief above the speculative level. (*See* Doc. 21 at 11.)

### A.   ADA Claim

Chatterton brings her ADA claim under 42 U.S.C. § 12112, the statute governing discrimination claims. The relevant provision reads as follows:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). Thus, a claim under this provision will succeed if a plaintiff shows that (i) a covered entity (ii) discriminated against a qualified individual on the basis of disability (iii) in regards to the employee's discharge or other terms, conditions, and privileges of employment. *See id.* The statute goes on to provide that the second element is satisfied when a covered entity "classif[ies] a[n]  . . . employee in a way that adversely affects the opportunities or status of such . . . employee because of [her] disability." *Id.* § 12112(b)(1). Further, an individual is considered "disabled" for ADA purposes if she is regarded as having a physical impairment that limits one or more major life activities, whether or not such impairment actually exists. *Id.* § 12102(1)(C), (3).

9

It is a close call, but Chatterton has stated sufficient grounds for an ADA claim. Chatterton alleges that she was regarded by Defendants as having a disability as a result of her injury (*see* Doc. 17 at 5), and her brief allegation regarding Defendants' status as a "covered entity" and "employer" (*id.*) meets the definition of those terms under 42 U.S.C. § 12111. She also alleges that she was never officially reprimanded and was unaware of any work-related problems prior to her injury (Doc. 17 at 3); that, following her injury and the filing of her workers' compensation claim, she was subjected to inappropriate corrective action for unproven claims and ultimately terminated (*id.* at 3-5); that her employment status was "adversely affect[ed]" because of her injury and her claim (*id.* at 6); and that these actions by Defendants constituted discrimination under § 12112(a) (*id.*). While Chatterton never expressly connects her reprimands and termination with the claimed "adverse effect" on her employment status, the Court may reasonable infer from the facts alleged that she is making this connection. *See, e.g.*, *Heyward*, 913 F. Supp. 2d at 1184 (citations omitted).

Chatterton's ADA claim requires much dot-connecting to reach these conclusions. It is far from a model of clear compliance with Rule 8. Nevertheless, the amended complaint contains "direct or inferential allegations respecting all the material elements" of a claim under § 12112(a). *See Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citation omitted). Chatterton's allegations thus provide Defendant with both fair notice of the nature of this claim and the grounds upon which the claim rests, *see Twombly*, 550 U.S. at 556 n.3, and therefore the claim should not be dismissed. Accordingly, I recommend denial of Defendants' motion with respect to Chatterton's ADA claim.

B.  <u>Statutory Claim for Retaliation</u>

Defendants also challenge the sufficiency of Chatterton's statutory state law claim. Before I address the substance of their argument, however, I must first consider Defendants' allegations regarding the sufficiency of Chatterton's statement of jurisdiction over this claim. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("Jurisdiction is a threshold question that a federal court must address before reaching the merits of a statutory question, even if the merits question is more easily resolved . . . ."). Chatterton alleges in her amended complaint that this Court has jurisdiction over her claims "pursuant to 28 U.S.C. Sections 1331 and 1343." (Doc. 17 at 2.) The cited provisions respectively provide for federal jurisdiction over civil actions arising under the Constitution, laws, and treaties of the United States, 28 U.S.C. § 1331, and over certain civil rights cases, *id.* § 1343. Defendants, correctly noting that these statutes do not provide jurisdiction over state law claims, argue that Chatterton's claim under § 52-1-28.2 is defective and must be dismissed. (*See* Doc. 22 at 2.)[4]

Rule 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). If the pleading states sufficient facts that allow this court to exercise jurisdiction, the failure to cite to the precise statute conferring such jurisdiction is not fatal. *See K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (citations omitted); *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 988 (4th Cir. 1990) (citations omitted); *N.Y. State Waterways Ass'n, Inc. v. Diamond*, 469 F.2d 419, 421 (2d Cir. 1972) (citation omitted). Because courts presume that jurisdiction over claims is lacking

---

[4] Defendants first brought this argument in their reply brief. As a matter of fairness, courts will generally refuse to consider issues raised for the first time in a reply brief. *See, e.g.*, *Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1554 n.6 (10th Cir. 1992). However, courts will also depart from the general rule in order to remove uncertainty as to their jurisdiction over a matter. *See Sadeghi v. Immigration & Naturalization Servs.*, 40 F.3d 1139, 1143 (10th Cir. 1994) (citing *Murphy v. Derwinski*, 900 F.2d 540, 543 n.8 (10th Cir. 1993)). Because I hold that Chatterton has met her obligations under Rule 8(a)(1), I have not requested a surreply on the question.

without affirmative and distinct allegations to the contrary, the jurisdiction of the Court "is not to be established argumentatively or by mere inference." *See Dalton v. City of Las Vegas*, 282 F. App'x 652, 655 (10th Cir. 2008) (unpublished) (quoting *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207 (1904)). However, "Rule 8(a)(1) is satisfied if the complaint say[s] enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear." *Id.* (citations omitted); *see also Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988) ("[Rule 8(a)(1)] does not require that a litigant cite the statute section conferring jurisdiction, as long as facts sufficient to invoke the court's jurisdiction are alleged." (citation omitted)).

Chatterton's claim under the state statute relies on the same facts, actions, and narrative as her ADA claim; there is no distinction between the facts underlying the two claims. Further, Chatterton properly invoked the jurisdiction of this Court over her ADA claim pursuant to 28 U.S.C. § 1331. (Doc. 17 at 2.) As such, Chatterton's statutory retaliation claim is so closely related to a claim within this Court's original jurisdiction as to form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). Consequently, even though Chatterton failed to state a clear and correct basis for jurisdiction over her § 52-1-28.2 claim, I conclude that her amended complaint alleges sufficient facts to create a reasonable likelihood that the Court may exercise jurisdiction over the claim. I will therefore proceed to consider Defendants' argument on the merits.

As with the ADA claim, Defendants argue that Chatterton has failed to state the grounds on which her state law claim rests. Section 52-1-28.2(A) provides that "[a]n employer shall not discharge, threaten to discharge or otherwise retaliate in the terms or conditions of employment against a worker who seeks workers' compensation benefits for the sole reason that that

employee seeks workers' compensation benefits." In her complaint, Chatterton plainly alleges that she sought workers' compensation and that Defendants terminated her employment as a consequence. (Doc. 17 at 5.) Although Chatterton does not explicitly state that her workers' compensation claim was the "sole reason" for her termination, she does claim that the allegations purportedly justifying her termination were never proven (*id.*) and that all employee reviews prior to her injury "were considered good" (*id.* at 2). These statements, accepted as true, allow for the reasonable inference that the reprimands purportedly underlying Chatterton's termination were pretextual and that Chatterton was actually terminated as a consequence of seeking benefits. Although Chatterton will have to provide evidence at trial that her benefits claim constituted the sole reason for her termination, I find that she has sufficiently stated a claim under § 52-1-28.2 for purposes of review under Rule 12(b)(6). I therefore recommend that Defendants' motion be denied with respect to Chatterton's statutory state law claim.

C. <u>Common Law Claim for Retaliatory Discharge</u>

After discussing her statutory claim for retaliation, and under the same heading ("Cause of Action for Violation of NMSA 1978 §52-1-28.2 (2004)"), Chatterton includes the following sentence: "Plaintiff is asserting a retaliation discharge [*sic*] claim independently and in view of the policy set out by *NMSA §52-1-28.2* and against New Mexico's public policy." Chatterton makes no further mention of any claim of retaliatory discharge in her amended complaint.

As Defendants correctly observe (Doc. 18 at 4), a common law claim of retaliatory discharge is distinct from a claim under § 52-1-28.2, *see Michaels v. Anglo American Auto Auctions, Inc.*, 869 P.2d 279, 280-82 (N.M. 1994). The elements of each claim are different, and success in properly pleading the latter does not necessarily mean that a plaintiff has properly pleaded the former. *Compare* N.M. STAT. ANN. § 52-1-28.2(A) (stating elements of the statutory

claim), *with Michaels*, 869 P.2d at 280 (quoting *Chavez v. Manville Prods. Corp.*, 777 P.2d 371, 375 (N.M. 1989)) (describing elements of a retaliatory discharge claim). Defendants argue that the common law claim should be dismissed, as Chatterton has not separately delineated this claim, stated any of the claim's elements, or connected these elements to her factual allegations. (*See* Doc. 18 at 4.) Chatterton does not address Defendants' challenge to the common law claim in her response.

Having reviewed both the original and amended complaints in full, I conclude that Chatterton's common law retaliatory discharge claim suffers from the same problems that plagued her original complaint. To wit, Chatterton's mention of this claim is fleeting and perfunctory, essentially hidden with a paragraph alleging a different claim; she has not investigated the elements of the cause of action; and she has failed to draw a link between her factual allegations and this claim. (*See* Doc. 15 at 10.) In no way do Chatterton's allegations "make it plain to the reader how they provide plausible support" for a retaliatory discharge claim. (*See id.* at 11.) In short, Chatterton has failed to provide either fair notice of her claim or the grounds on which the claim rests. *See Twombly*, 550 U.S. at 556 n.3. Therefore, I recommend that Chatterton's common law retaliatory discharge claim be dismissed with prejudice pursuant to Rule 12(b)(6).

**CONCLUSION**

"Rule 8 does not demand perfection – just notice." *Ross Bros. Const. Co., Inc. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 873 (7th Cir. 2002). Chatterton is fortunate in this regard. Although her amended complaint may not have perfectly resolved the shortcomings that the Court previously brought to her attention, her efforts have largely sufficed. Accordingly, while I recommend that Defendants' motion to dismiss be granted with respect to Chatterton's common

law retaliatory discharge claim and that this claim be dismissed with prejudice, I recommend that

Defendants' motion be denied in all other respects.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.