IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS CHATTERTON,

        Plaintiff,

v.                                          CV 12-0082 JCH/WPL

SUMMIT FOOD SERVICES, LLC,
and A'VIANDS, LLC,

        Defendants.

**ORDER DENYING MOTION TO COMPEL**

Summit Food Services, LLC has filed a motion to compel discovery responses from Chris Chatterton. (Doc. 50.) There are two fatal defects to the motion which require its denial.

Summit Food admits that the motion fails to state a good faith request for concurrence, and a motion that fails to recite such request may be summarily denied. D.N.M.LR-Civ. 7.1(a). More importantly, Summit Food admits that it failed to file the motion within twenty-one days of Chatterton's objections to discovery pursuant to D.N.M.LR-Civ. 26.6. Summit Food asserts that good cause exists to extend the deadline for its motion because it engaged in repeated attempts to obtain adequate discovery responses from Chatterton. The facts do not support Summit Food's argument. Summit Food served its discovery requests on January 6, 2014, and received Chatterton's responses on February 4, 2014. For the next several weeks the parties exchanged emails about the adequacy of Chatterton's responses, and Chatterton provided supplemental responses on February 24, March 13 and March 20, 2014. Summit Food waited until April 29, 2014 (forty days) to inform Chatterton that it contested the adequacy of the supplemental responses, and then waited until June 11, 2014 (forty-two days) to file its motion to compel.

While I encourage parties to attempt to resolve discovery disputes without court involvement, Summit Food made no attempt to file its motion to compel within twenty-one days of either Chatterton's last response or its letter of April 29, 2014. While Summit Food asserts that Chatterton should be compelled to respond to the discovery requests because of Chatterton's "continuing gamesmanship or outright disregard of the discovery rules," Summit Food likewise has disregarded the District's Local Rules by failing to timely file its motion. Summit Food's motion to compel must be denied.

      IT IS SO ORDERED.

_____
William P. Lynch